IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MARK STEPHEN WICKLUND,<br><br>                    Plaintiff,<br><br>       v.<br><br>ADA COUNTY, a municipality, JOHN<br>and JANE DOES I-V, individuals,<br><br>                    Defendants. | Case No. CV 09-673-S-CWD<br><br>**MEMORANDUM DECISION AND ORDER** |

Currently pending before the Court are Defendant Ada County's Motion to Dismiss (Docket No. 9); Plaintiff's Motion to Strike the Affidavit of Rene Nelson (Docket No. 12); Plaintiff's Motion to Expedite Discovery (Docket No. 13); Plaintiff's Motion for relief pursuant to Rule 56(f) (Docket No. 16); and Defendant's Motion for Protective Order regarding Plaintiff's Motion to Conduct Expedited Discovery (Docket No. 22).

All parties have consented to proceed before a United States Magistrate Judge. (Docket No. 24.) Having fully reviewed the record, the Court finds that the facts and legal arguments are adequately presented in the briefs and record.  Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, these matters will be decided on the record before this Court without oral argument.  Dist. Idaho Loc. Civ. R.  7.1.

**MEMORANDUM DECISION AND ORDER - 1**

## I.      Background and Facts

Plaintiff Mark Wicklund ("Wicklund") filed a complaint on December 22, 2009, against

Defendant Ada County and as yet unnamed individual employees of the Ada County Prosecuting

Attorney's Office.  (Compl. ¶ 1–3, Docket No. 1.)  In the two count Complaint, Wicklund seeks

relief under 42 U.S.C. § 1983, alleging that Defendants violated his Fifth and Fourteenth

Amendment rights to substantive due process, and were negligent, because they destroyed and

removed "properly filed documents" in his pending criminal case.  The general allegations

follow:

> 8. In June 2009, Plaintiff, through counsel, filed a Motion for Early
> Release from Probation. Accompanying the Motion were two
> affidavits. Both affidavits were filed at the time the motion was
> filed.
> 9. Upon information and belief, individuals from the Ada County
> Prosecuting Attorney's Office removed the accompanying
> affidavits from the court file and removed the entry of those
> documents from the register of action.
> 10. The district judge assigned to this case denied the motion
> without hearing, based, at least in part, on the absence of the
> accompanying affidavits.
> 11. The removal and destruction of these filings constitutes a
> denial of the Plaintiff's right to due process under the law.

(Compl. ¶ 8–11, Docket No. 1.)

Wicklund alleges that Defendants deprived him of his due process rights by "tampering

with a court file, removing filings and removing evidence of the removal of those filings," which

actions "guaranteed denial of the Plaintiff's motion" for early release from probation.  (Compl. ¶

15–16, Docket No. 1.)  Wicklund's second cause of action alleges that Defendants "breached

their duty" of due care by removing items from the court file when they "knew, or should have

known, that doing so would deprive the Plaintiff of his due process rights."  (Compl. ¶ 21,

**MEMORANDUM DECISION AND ORDER - 2**

Docket No. 1.)

On February 5, 2010, Ada County filed a motion to dismiss under Fed. R. Civ. P. 12(b)(1), 12(b)(6), and 12(d), submitting with its motion the Affidavit of Rene Nelson, Associate Director of the Clerks Division of the Ada County Clerk of the Court, with attached certified copies of records from the court case file for criminal case number CR-FE-2001-0000496, *State of Idaho v. Mark Wicklund*. (Docket No. 9.)[1]

Ms. Nelson asserts that she supervises the court clerks of Ada County and ensures accurate records are entered and maintained for the District Court of the Fourth Judicial District of the State of Idaho, in and for the County of Ada. She stated that she "examined the Register of Actions and the documents contained in the court case file for criminal case number CR-FE-2001-0000496, *State of Idaho v. Mark Wicklund*." Attached to her affidavit as Exhibit A is a certified copy of the Register of Actions. According to the case file Ms. Nelson examined, Wicklund was charged in 2001 with soliciting sex acts from a child. Thereafter, Wicklund was placed on probation, and later charged with violating probation. On August 8, 2008, according to the certified copy of the order attached to Ms. Nelson's affidavit, the Honorable Thomas F. Neville issued an order reinstating, amending, and extending Wicklund's probation through November 13, 2011. Wicklund acknowledged the order by signing a copy of it on April 28, 2009. (Aff. of Nelson Exs. B, C, Docket No. 9-2.)[2]

---

[1] Wicklund did not identify the criminal case at issue in the Complaint. However, in subsequent pleadings, Wicklund did not deny that the criminal case identified in Ada County's Motion to Dismiss is the action described in the Complaint.

[2] Judge Neville noted that he assumed the case on February 2, 2009, came across the file during an office visit, and that the court order entered on August 8, 2008, was not signed as it should have been at the time it was entered. He ordered that it be signed, and the signed order was re-filed on April 30, 2009.

**MEMORANDUM DECISION AND ORDER - 3**

The next document attached to Ms. Nelson's affidavit is a certified copy of Wicklund's Motion for Early Release from Probation, filed on June 10, 2009, by Wicklund's attorneys, Dennis M. Charney and Jacob D. Deaton, of the firm Charney and Associates, PLLC.  (Aff. of Nelson Ex. D, Docket No. 9-2.)  In the motion, Wicklund requested early release from probation. The motion states: "attached to this motion is one page from the offender history maintained by the department of probation and parole. . . . a statement from Chip Morgan, the polygrapher involved in Mr. Wicklund's probation as well as a statement from Dave Ferguson, a treatment specialist for SANE."  (*Id.*)

Ms. Nelson avers in her affidavit that on June 10, 2009, the Ada County Clerk received a six-page facsimile transmission from telephone number 938-9504, which is the phone number for the law firm Charney and Associates, PLLC.  The facsimile stamp at the top of Exhibit D indicates that the facsimile transmission was six pages, that all six pages were received, and it came from "remote CSID 9389504," the facsimile telephone number for Charney and Associates according to the document header.  However, pages three through six consisted of three pages of offender history, and one page of the Judgment of Conviction entered by Judge Neville on November 13, 2001.  (*Id.*)  Judge Neville's handwritten order dated July 9, 2009, denied the motion without a hearing and states: "while no statements from Chip Morgan or Dave Ferguson were attached, the basis for the motion asks the Court to 're-hash' old issues, but in any event is an unpersuasive grounds even <u>if</u> it were true."  (*Id.*)  Ms. Nelson states that the Motion for Early Release From Probation and other documents received in the transmission "appear in the Register of Actions in compliance with the policy of the Ada County Clerk."  (*Id.*, Aff. of Nelson ¶ 9.)

**MEMORANDUM DECISION AND ORDER - 4**

The next document that Ada County received was a seven-page facsimile transmission entitled Motion to Reconsider submitted on July 17, 2009, again from telephone number 938-9504.  According to the facsimile stamp at the top of the document, all seven pages were received.  (*Id.* Ex. E.)  In the motion to reconsider, Wicklund, through his attorney Dennis Charney, requested reconsideration of the court's prior order denying his request to amend the terms of his probation.  The motion states also that "[a]ttached to this motion to reconsider are the documents that were supposed to be considered by the court.  It is respectfully requested that the court review these documents and reconsider its prior order." (*Id.*)  Attached to the two page motion is a two page letter from Dave Ferguson to Dennis Charney, and a three page statement from Chip Morgan.  On July 22, 2009, Judge Neville handwrote an order on page two of the motion, denying Wicklund's motion without a hearing.  Ms. Nelson states that the Motion for Reconsideration and other documents received in the facsimile transmission "appear in the Register of Actions in compliance with the policy of the Ada County Clerk."  (*Id.*, Aff. of Nelson ¶ 12.) Ms. Nelson states also, and the Register of Actions confirms, that no notice of appeal of the two orders was ever filed by Wicklund. (*See Id.*, Ex. A.)

In response to Ada County's motion to dismiss, Wicklund filed a motion to strike the Affidavit of Rene Nelson on February 27, 2010, contending that it included inadmissible testimony because it was not based upon Ms. Nelson's personal knowledge, lacked foundation, and dealt with matters to which she was not competent to testify. (Docket No. 12.)  In addition, on March 1, 2010, Wicklund filed a responsive brief to the motion to dismiss, addressing the arguments advanced by Ada County in favor of dismissal. (Docket No. 20.)  Ada County filed a reply brief on March 18, 2010, and while Ada County argued it was unnecessary, submitted an

**MEMORANDUM DECISION AND ORDER - 5**

amended affidavit of Rene Nelson to address the issues Wicklund raised in the Motion to Strike. (Docket No. 18.)  Wicklund objected to Ada County's filing of the amended affidavit.

Although Wicklund submitted a responsive brief to the Motion to Dismiss, Wicklund had previously filed two related motions seeking to conduct discovery and/or stay the proceedings until discovery could be conducted so that he could adequately prepare a responsive brief.  On February 27, 2010, Wicklund filed a Motion to Expedite Discovery in which he argued discovery was necessary for him to rebut the factual basis for Ada County's Motion to Dismiss. (Docket No. 13.)  Wicklund asserted that "good cause" existed to conduct discovery prior to the Rule 26(f) conference because "all of the documents and witnesses necessary to establish a genuine issue of material fact are in the Defendant's control." (Mem. at 2, Docket No. 13.)

On March 1, 2010, Wicklund advanced the same argument in his Motion for Relief Pursuant to Rule 56(f).  (Docket No. 16.)  Wicklund's attorney submitted an affidavit stating he had tried to conduct initial discovery but had not received a response from Ada County.  (Docket No. 16-1.)  Wicklund claims "[d]iscovery is vital in this case because I have been unable to discover any witness not in Defendant's employ with personal knowledge of the facts of this case," and such a witness is "necessary" to prepare an affidavit in opposition to Ada County's Motion to Dismiss.  In response to Wicklund's motions, Ada County filed a Motion for Protective Order on March 23, 2010, arguing that discovery was unnecessary because the matter could be decided based upon legal grounds and any information necessary to rebut Ms. Nelson's affidavit was within the exclusive control of Mr. Wicklund himself.  (Response at 2, Docket No. 21.)

Based upon the above, the Court finds it appropriate to discuss the discovery related

**MEMORANDUM DECISION AND ORDER - 6**

motions first; next address the motion to strike; and finally, address the motion to dismiss.

## II.   Analysis

### A.   Plaintiff's Motion to Expedite Discovery (Docket No. 13); Plaintiff's Motion For Relief Pursuant to Rule 56(f) (Docket No. 16); and Defendant's Motion for Protective Order regarding Plaintiff's Motion to Conduct Expedited Discovery (Docket No. 22)

Wicklund's two motions to conduct discovery ask for the same relief.  In his first motion, Wicklund contends that he should be permitted to conduct discovery because Ada County filed its motion to dismiss prior to the Rule 26(d) conference, and without discovery, Wicklund is unable to respond.  Rule 26(d) prohibits parties from seeking discovery before the parties have conferred under Rule 26(f).  Wicklund argues that good cause exists to permit discovery because the documents and witnesses necessary to establish a genuine issue of material fact are in Ada County's control.  (Mot. at 2, Docket No. 13.)

In his Rule 56(f) motion, Wicklund requests a continuance of the proceedings on the motion to dismiss until discovery has been completed, again on the grounds that all witnesses with personal knowledge are in Ada County's employ.  (Aff. of Deaton ¶ 4, Docket No. 16-1.) Ada County responded to both motions with a motion for protective order seeking to prevent any discovery, on the grounds that Ada County employees would be entitled to absolute immunity and/or qualified immunity; the facts as stated in the Complaint do not establish the deprivation of a constitutionally protected right; the Complaint does not allege that any custom or policy was violated sufficient to establish liability on the part of Ada County; and Wicklund could have come forward with his own evidence, but did not do so.

Rule 26(d) permits discovery prior to the Rule 26(f) conference when authorized by court order. When evaluating a request for expedited discovery, courts have applied the "good cause"

standard. *Semitool, Inc. v. Tokyo Electron America, Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002).

"Good cause may be found where the need for expedited discovery, in consideration of the

administration of justice, outweighs the prejudice to the responding party." *Semitool, Inc.*, 208

F.R.D. at 276.  The discovery sought, however, must be relevant, and there must be good cause

to provide immediate access to the discovery sought rather than postponing its ultimate

production during the course of the proceedings.  *Id.*

Rule 56(f) allows a party opposing a motion for summary judgment[3] who, for legitimate

reasons, cannot by affidavit or other means present facts essential to justify opposition to an

opposing party's motion under Rule 56(e).  Similar to the good cause standard enumerated for

Rule 26(d), Rule 56(f) requires "(a) a timely application which (b) specifically identifies

(c) relevant information, (d) where there is some basis for believing that the information sought

actually exists."  *Sultana Resources, LLC v. Trio Gold Co.*, No. CV-06-625-BLW, 2007 WL

2993849, at *1 (D. Idaho Oct. 11, 2007) (quoting *Employers Teamsters Local Nos. 175 & 505*

*Pension Trust Fund v. Clorox Co.*, 353 F.3d 1125, 1129 (9th Cir. 2004)).  The party submitting

the motion bears the burden of showing sufficient facts establishing that the evidence sought

exists and that the evidence would prevent summary judgment.  *Sultana*, 2007 WL 2993849 at

*1.  "Mere hope that further evidence will develop prior to trial is insufficient."  *Id.*

It is generally accepted in the Ninth Circuit that, where a summary judgment motion is

filed early in the litigation and a party has not had a realistic opportunity to pursue discovery

relating to its theory of the case, the court should freely grant a Rule 56(f) motion.  *Mangum v.*

*Action Collection Serv., Inc.*, No. CV-05-507-BLW, 2006 WL 2224067, at *1 (D. Idaho Aug. 2,

---

[3] As will be explained more fully below, Ada County's motion to dismiss will be considered as a
motion for summary judgment under Fed. R. Civ. P. 12(d). Thus, Rule 56(f) is appropriately considered.

2006). Nevertheless, if the party seeking discovery cannot demonstrate that the discovery will address the issue to be decided, it is appropriate to deny the Rule 56(f) motion. *See U.S. v. 5,644,540.00 in U.S. Currency*, 799 F.2d 1357, 1363 (9th Cir. 1986) ("A Rule 56(f) request must demonstrate 'how postponement of a ruling on the motion will enable him, by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact.'"); *Jackson v. Cintas Corp.*, 425 F.3d 1313, 1318 (11th Cir. 2005) (upholding the denial of a Rule 56(f) motion when the employee made no showing how the discovery would have any impact on the enforceability of the arbitration clause). A district court does not abuse its discretion by denying a Rule 56(f) motion where the proposed discovery would be futile. *Burlington Northern & Santa Fe Ry. Co. v. The Assiniboine*, 323 F.3d 767, 773 (9th Cir. 2003).

 In this case, Wicklund has made an inadequate showing of good cause under Rule 26(d), and no showing under Rule 56(f) as to the specific information he seeks. Wicklund does not identify what information he seeks; explain how the identified information would be relevant; or the basis for any belief that the identified information actually exists. In both motions, Wicklund simply states "information" in general is "necessary" without any further details. Nor does Wicklund demonstrate that the discovery sought will address the legal issues to be decided. Ada County contends that, even if Wicklund's allegations are true, as a matter of law, the Complaint fails to state a cause of action. Thus, it is difficult to understand how discovery would be relevant to decide the legal issues, because the Court is being asked to assume the facts stated in the Complaint are true.

 Moreover, for a very simple reason, the requested discovery would be futile. Ada County submitted the affidavit of Ms. Nelson with certified copies of actual pleadings submitted in *State*

**MEMORANDUM DECISION AND ORDER - 9**

*v. Wicklund*, Ada County criminal case number CR-FE-2001-0000496.  Wicklund did not offer

any evidence that Ada County incorrectly identified the criminal matter that Wicklund described

in his Complaint, and from which he alleges documents were taken from the record.  The

Register of Actions, along with certified copies of actual pleadings, establish that on June 10,

2009, Wicklund's counsel filed by facsimile a six page document entitled "Motion for Early

Release From Probation" containing three pages of offender history and one page of Judge

Neville's Judgment of Conviction dated November 15, 2001.  Then, on July 17, 2009, the

certified copy of the Motion to Reconsider establishes that Wicklund's counsel filed a seven

page document with a letter from Dave Ferguson and a statement from Chip Morgan, the very

documents Wicklund apparently alleges were taken from the file.  Wicklund did not refute these

statements by Ms. Nelson.

It is beyond comprehension what evidence Wicklund needs other than evidence in his or

his attorneys' possession to refute the above allegations.  First, Wicklund possesses knowledge

whether the records Ada County  identified are indeed the correct records described in the

Complaint and which Wicklund contends were removed from the court's file or otherwise

tampered with.  Yet Wicklund does not refute that the documents Ms. Nelson  identified were in

fact the documents his attorney submitted to the Fourth District Court in and for the District of

Idaho, County of Ada, in *State v. Wicklund*, Ada County criminal case number CR-FE-2001-

0000496.  Second, according to the certified copies of the pleadings submitted in *State v.*

*Wicklund*, the certificate of mailing appended to the pleadings as well as the attorney information

above the captions, establishes that Wicklund's current counsel was a member of the firm

Charney and Associates, and was presumably representing Wicklund at the time the documents

**MEMORANDUM DECISION AND ORDER - 10**

allegedly were removed from the court file after their submission. Wicklund's attorney would be privy to the information he faxed to the court.  Therefore, Wicklund's attorney possesses or has access to the documents filed via facsimile without submitting discovery to Ada County's employees.  The attorney's own records would establish what was filed via facsimile, and could then be compared to the documents Ms. Nelson claims Ada County received.  If a discrepancy existed, it would be an easy task to refute Ms. Nelson's contentions.  But Wicklund failed to come forward with any evidence about what he claims he submitted to the state court that is any different than what was evidenced by Ms. Nelson and the Register of Action.

Wicklund has failed to offer any proof at all establishing that the state court file in the criminal case contained information different than what his attorneys filed on his behalf.  And the proof he required was solely within his possession, or easily obtainable from Charney and Associates, PLLC, the law firm that represented him in *State v. Wicklund.* Based upon the above, there is no need for Wicklund to conduct discovery. Therefore, Plaintiff's motions will be denied and Ada County's motion for protective order will be granted.

### B.    Plaintiff's Motion to Strike the Affidavit of Rene Nelson (Docket No. 12)

Wicklund seeks to strike paragraphs seven through twelve of Rene Nelson's affidavit on the grounds that Ms. Nelson, as a "superior," could not have personally handled the documents she describes at the time they were submitted, and thus any statements she makes now about how the documents were received, handled, filed, and documented in the Register of Actions is outside of her "personal knowledge" and constitutes inadmissible "hearsay." Ada County argues that the motion is without merit, because the documents attached to Ms. Nelson's affidavit are certified copies and therefore self-authenticating pursuant to Fed. R. Evid. 902(1) and (4).

**MEMORANDUM DECISION AND ORDER - 11**

Affidavits submitted in support of a motion for summary judgment "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify no the matters stated." Fed. R. Civ. P. 56(e)(1).  If a paper is referred to in an affidavit, a sworn or certified copy must be attached to the affidavit. *Id.*  Rule 56(e) is satisfied when the affidavit is made by a custodian and based upon the affiant's personal review of government or business files. *U.S. v. Estate of Oxarango*, Case No. CV 97-085-S-BLW, 2008 WL 5411719 *4 (D. Idaho Dec. 24, 2008).

In this case, Ms. Nelson identifies herself as a supervisor within the Ada County Clerk of the Court responsible for ensuring accurate records.  She states she personally examined the documents contained in the court file for *State v. Wicklund*, Ada County criminal case number CR-FE-2001-0000496. Ms. Nelson's role as a supervisor within the Ada County Clerk of the Court and her personal review of the court's file are sufficient for purposes of Rule 56(e).

Concerning her description of the documents, the documents themselves are self-authenticating and Wicklund's assertion that Ms. Nelson's testimony about the exhibits lacks personal knowledge is untenable.  Documents bearing a seal purporting to be that of a political subdivision, department, officer, or agency of any state or district thereof do not require extrinsic evidence of authenticity as a condition precedent to admissibility, and are considered "self-authenticating." Fed. R. Evid. 902(1). Copies of official records or reports, or of documents authorized by law to be recorded or filed in a public office and certified as correct by the custodian of the documents are also self-authenticating.  Fed. R. Evid. 902(4).  Fed. R. Civ. P. 44(a) sets forth the means of proving an official record, and simply requires the fixation of a seal by any public officer with official duties in the district or political subdivision where the record

is kept. All of the records attached to Ms. Nelson's affidavit contain a certification by the Clerk of the Court that the documents are true and correct copies of the originals on file in the District Court of the Fourth Judicial District of the State of Idaho.  As such, the documents are self-authenticating documents, and do not depend upon the Nelson Affidavit for foundation.  *U.S. v. Estate of Oxarango*, 2008 WL 5411719 at *4.

Furthermore, anyone examining the documents can see that the documents bear a facsimile header, and that the header contains the date and time of transmission and receipt, the phone number of the law firm identified within the documents as submitting the documents, the total number of pages submitted, and identification of the page submitted—*i.e.* 1 of 7 and so forth.  The certification establishes that the document is a true and correct copy of the document on file with the state court. It is preposterous to suggest that the Court is incapable of reviewing the documents itself and reaching the conclusion that the documents were received by the state district court via facsimile transmission on the date stamped directly on the document and thereafter filed in the court's records according to the policy of the court clerk's office.

Therefore, the Court may and will consider the Affidavit of Rene Nelson (Docket No. 9-2) and the attached exhibits in connection with the Motion to Dismiss. The amended affidavit of Rene Nelson (Docket No. 18-1) is therefore unnecessary. Wicklund's objection to the supplemental affidavit of Rene Nelson is likewise moot. The Court will now turn to the merits of the motion to dismiss.

### C.    Defendant Ada County's Motion to Dismiss (Docket No. 9)

#### 1.    Motion to Dismiss Standards

In reviewing a complaint under Rule 12(b)(6), all allegations of material fact are taken as

true and construed in the light most favorable to the nonmoving party. *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002). However, a complaint, or portions thereof, will be dismissed if the plaintiff cannot establish "any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 562 (2007); *see also Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Twombly* with approval).

A complaint attacked by a Rule 12(b)(6) motion to dismiss "does not need detailed factual allegations . . . but requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp.*, 550 U.S. at 555 (internal citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. The complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S.Ct. at 1949.

If either party submits materials outside the pleadings in support of or in opposition to the motion, and the Court relies upon those materials, a motion to dismiss under Rule 12(b)(6) must be converted to a motion for summary judgment. Fed. R. Civ. P. 12(d); *Anderson v. Angelone*, 86 F.3d 932, 934 (9th Cir. 1996). But if the court does not rely upon the extra materials in rendering its decision, a Rule 12(b)(6) motion need not be converted into a motion for summary judgment simply because matters outside the pleading are introduced. *Keams v. Tempe Technical Institute, Inc.*, 110 F.3d 44, 46 (9th Cir. 1997).

Defendant submitted a certified copy of the state court Register of Actions, and certified copies of certain documents contained in the state court file appended to the Affidavit of Rene

**MEMORANDUM DECISION AND ORDER - 14**

Nelson.  The Court relied upon the evidence submitted. Consequently, the Court will convert

Defendants' motion to a motion for summary judgment under Rule 12(d) and Rule 56(c)(2).

Accordingly, the Court is not limited to the facts as set forth in the Complaint. The Court may

consider the Complaint in light of the additional evidence submitted for consideration.

### 2.    Motion for Summary Judgment

Motions for summary judgment are governed by Fed. R. Civ. P. 56(c)(2), which

provides, in pertinent part, that judgment "should be rendered if the pleadings, the discovery and

disclosure materials on file, and any affidavits show that there is no genuine issue as to any

material fact and that the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P.

56(c)(2).

A moving party may show that no genuine issue of material fact exists by demonstrating

that "there is an absence of evidence to support the non-moving party's case." *Celotex Corp. v.

Catrett*, 477 U.S. 317, 325 (1986). Once the moving party meets the requirement of Rule 56 by

either showing that no genuine issue of material fact remains or that there is an absence of

evidence to support the non-moving party's case, the burden shifts to the party resisting the

motion who "must set forth specific facts showing that there is a genuine issue for trial."

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). It is not enough for the [nonmoving]

party to "rest on mere allegations or denials of his pleadings." *Id.* Genuine factual issues must

exist that "can be resolved only by a finder of fact because they may reasonably be resolved in

favor of either party." *Id.* at 250.

In determining whether a genuine issue of material fact exists, facts and inferences must

be viewed most favorably to the non-moving party. To deny the motion, the Court need only

**MEMORANDUM DECISION AND ORDER - 15**

conclude that a result other than that proposed by the moving party is possible under the facts and applicable law. *Aronsen v. Crown Zellerbach*, 662 F.2d 584, 591 (9th Cir. 1981). The Ninth Circuit has emphasized that summary judgment may not be avoided merely because there is some purported factual dispute, but only when there is a "genuine issue of material fact." *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 500 (9th Cir. 1992). The Ninth Circuit has found that, to resist a motion for summary judgment, the non-moving party:

> (1) must make a showing sufficient to establish a genuine issue of fact with respect to any element for which it bears the burden of proof; (2) must show that there is an issue that may reasonably be resolved in favor of either party; and (3) must come forward with more persuasive evidence than would otherwise be necessary when the factual context makes the nonmoving party's claim implausible.

*British Motor Car Distrib. Ltd. v. San Francisco Automotive Indus. Welfare Fund*, 882 F.2d 371,374 (9th Cir. 1989).

### 3.       Disposition

#### a.        Standards Applicable to Section 1983 Claims

Wicklund's Complaint alleges deprivation of his constitutional rights under 28 U.S.C. § 1983.  To state a claim under § 1983, a plaintiff must allege a violation of a constitutional or federal statutory right proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).  In his two count Complaint, Wicklund alleges Defendant Ada County and certain unknown individuals violated his procedural due process rights under the Fifth and Fourteenth Amendment, and were negligent because they knew or should have known their actions would deprive him of his constitutional rights. To demonstrate a substantive due process claim, a plaintiff must show that a government official

deprived him or her of a constitutionally protected life, liberty, or property interest.  *Nunez v. City of Los Angeles*, 147 F.3d 867, 871 (9th Cir. 1998).

However, even if a government official committed a constitutional wrong, the individual is protected from suit when he or she "makes a decision that, even if constitutionally deficient, reasonably misapprehends the law governing the circumstances."  *Meuller v. Auker*, 576 F.3d 979, 992 (9th Cir. 2009) (quoting *Brosseau v. Haugen*, 543 U.S. 194, 198 (2004)).  In other words, there can be no liability for civil damages insofar as the individual's conduct "does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *San Jose Charter of Hells Angels Motorcycle Club v. City of San Jose*, 402 F.3d 962, 971 (9th Cir. 2005) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)).  True to its dual purposes of protecting state actors who act in good faith and redressing clear wrongs caused by state actors, the qualified immunity standard "gives ample room for mistaken judgments by protecting all but the plainly incompetent or those who knowingly violate the law."  *Hunter v. Bryant*, 502 U.S. 224, 227 (1991); *Meuller*, 576 F.3d at 992.

The court generally applies a two pronged test to resolve qualified immunity claims. First, the court considers whether, "[t]aken in the light most favorable to the party asserting the injury, . . . the facts alleged show the [defendants'] conduct violated a constitutional right," and second, whether that right was clearly established.  *Saucier v. Katz*, 533 U.S. at 201 (citing *Siegert v. Gilley*, 500 U.S. 226, 232 (1991))*. The court must consider the materials submitted in support of, and in opposition to, summary judgment, and view all facts in favor of the party opposing summary judgment.  *Squaw Valley Development Co v. Goldberg*, 375 F.3d 936, 942 (9th Cir. 2004) *rev'd on other grounds* (citing *Jeffers v. Gomez*, 267 F.3d 895, 909 (9th Cir.

**MEMORANDUM DECISION AND ORDER - 17**

2001)).  If no constitutional violation is found, the inquiry ends at step one.  *Id.* (citing

*Cunningham v. City of Wenatchee*, 345 F.2d 802, 810 (9th Cir. 2003)).  If the parties'

submissions create a triable issue of material fact as to whether a constitutional violation has

occurred, the court proceeds to step two. *Id.* (citing *Saucier v. Katz*, 533 U.S. 194, 201 (2001)).

Courts may "exercise their sound discretion in deciding which of the two prongs of the qualified

immunity analysis should be addressed first in light of the circumstances in the particular case at

hand."  *Pearson v. Callahan*, 129 S.Ct. 808, 818 (2009).

**b.      Analysis**

Even accepting the allegations in the Complaint as true, the Court finds Wicklund has

failed to state a cause of action against Defendant Ada County for the reasons discussed below.

**i.      No Liability Under *Monell***

Wicklund alleges that Ada County, a political subdivision or entity, is responsible for

violating his civil rights.  However, to proceed against Ada County as an entity, Wicklund must

state facts meeting the test articulated in *Monell v. Dep't of Soc. Servs. of City of New York*, 436

U.S. 658, 691-94 (1978).  Under *Monell*, the requisite elements of a § 1983 claim against a

municipality or private entity performing a state function are the following: (1) the plaintiff was

deprived of a constitutional right; (2) the municipality or entity had a policy or custom; (3) the

policy or custom amounted to deliberate indifference to plaintiff's constitutional right; and (4)

the policy or custom was the moving force behind the constitutional violation.  *See Mabe v. San

Bernardino County, Dep't of Pub. Soc. Servs.*, 237 F.3d 1101, 1110-11 (9th Cir. 2001)

(explaining elements, and noting that a municipality can be sued for constitutional deprivations

pursuant to governmental custom).  An unwritten policy or custom must be so "persistent and

**MEMORANDUM DECISION AND ORDER - 18**

widespread" that it constitutes a "permanent and well settled . . . policy." *Monell*, 436 U.S. at

691.  "Liability for improper custom may not be predicated on isolated or sporadic incidents; it

must be founded upon practices of sufficient duration, frequency, and consistency that the

conduct has become a traditional method of carrying out policy." *Trevino v. Gates*, 99 F.3d 911,

918 (9th Cir. 1996) (citations omitted).

Based upon this standard, the Court finds Wicklund has not alleged facts sufficient to

state a claim against Ada County. Wicklund has not alleged that Ada County employees were

acting pursuant to a widespread and persistent policy or custom when individuals allegedly

removed documents from the court file. Nor has he alleged facts establishing that the alleged

policy, assuming there was one, constituted "deliberate indifference" to Wicklund's

constitutional rights. At most in Count Two of the Complaint Wicklund alleges only that Ada

County employees were negligent.

Finally, even if Wicklund did allege facts satisfying *Monell*, Ms. Nelson, the Associate

Director of the Clerks Division of the Office of the Ada County Clerk of Court, personally

examined the court file, attached certified copies of the documents allegedly tampered with, and

confirmed that the documents were in the court file and recorded in the Registry of Actions in

compliance with Ada County Clerk of Court policy. Wicklund did not come forward with any

evidence to refute Ms. Nelson's assertions, either by evidence that the Complaint refers to a

different case and record, or with evidence that his attorneys submitted documents to the state

court for filing other than what Ms. Nelson claims the court received.

Accordingly, no triable issue of material fact exists, and Wicklund, under the facts as

alleged, has failed to state a claim against Ada County.

**MEMORANDUM DECISION AND ORDER - 19**

### ii.      Immunity From Suit

Wicklund alleges that unnamed individuals employed by Ada County violated his civil rights by tampering with a court file and removing filings and evidence of those filings. Setting aside the facts set forth in Ms. Nelson's affidavit directly contradicting such allegations and the absence of evidence to the contrary, in *Mullis v. U.S. Bankr. Ct. for the Dist. of Nev.*, the Ninth Circuit Court of Appeals held that "[c]ourt clerks have absolute quasi-judicial immunity from damages for civil rights violations when they perform tasks that are an integral part of the judicial process."  828 F.2d 1385, 1390 (9th Cir. 1987).  The allegations in *Mullis* were that the court clerks failed to give proper counseling and notice in a bankruptcy action, accepted and filed an incomplete bankruptcy petition, and refused to accept an amended petition.  *Id.* at 1390.

Because Wicklund's claims all arise from the clerks' handling of court filings—all an integral part of the judicial process, the clerks have absolute quasi-judicial immunity from suit. Therefore, to the extent the court clerks are the unnamed "Does" in the Complaint, Wicklund may not proceed against them on his federal claims.[4]

### iii.      Plaintiff's Claims Are Barred by *Heck*

Wicklund's claim amounts also to a collateral attack on his conviction, which is prohibited by *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Supreme Court held that

> to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by action whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such

---

[4] The Court acknowledges that Wicklund alleges the unnamed individuals are employed by the Ada County Prosecutor's Office. To the extent his claims relate to actions by Ada County Court Clerk's Office employees, those claims are foreclosed.

> determination, or called into question by a federal court's issuance
> of a writ of habeas corpus under 28 U.S.C. § 2254.  A claim for
> damages bearing that relationship to a conviction or sentence that
> has not been so invalidated is not cognizable under § 1983. . . .  [In
> such a circumstance], the complaint must be dismissed unless the
> plaintiff can demonstrate that the conviction or sentence has
> already been invalidated.

512 U.S. at 486-87.

When a case involves parole, certain types of parole claims may be brought as § 1983 claims while others must be asserted in habeas corpus actions.  In *Wilkinson v. Dotson*, 544 U.S. 74 (2005), the Court determined that an inmate may initiate a § 1983 action to seek invalidation of "state procedures used to deny parole eligibility . . . and parole suitability," but he may not seek "an injunction ordering his immediate or speedier release into the community."  *Id*. at 82. At most, an inmate can seek as a remedy "consideration of a new parole application" or "a new parole hearing," which may or may not result in an actual grant of parole.  *Id*.  When a state prisoner seeks "a determination that he is entitled to immediate release or a speedier release from . . . imprisonment, his sole federal remedy is a writ of habeas corpus."  *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

The *Dotson* case noted that the *Heck v. Humphrey*[5] bar arises "not because [one seeks] nullification of the disciplinary procedures but because nullification of the disciplinary procedures would lead necessarily to restoration of good-time credits and hence the shortening of the prisoner's sentence."  544 U.S. at 84. The *Dotson* Court further noted that its previous cases, "taken together, indicate that a state prisoner's § 1983 action is barred (absent prior

---

[5] In *Heck v. Humphrey*, 512 U.S. 477, 481 (1994), the Court determined that a prisoner in state custody cannot use a civil rights action to challenge the fact or duration of his confinement.

invalidation)— no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration. *Id*. at 81–82.

Here, Wicklund's claim necessarily would demonstrate the invalidity of his confinement, and it is disingenuous for Wicklund to suggest otherwise. Wicklund claims he is suing "for an independent violation of his constitutional rights that occurred during, but is independent of, his state court proceeding." (Response at 2, Docket No. 17.) However, the mere fact that documents were removed from the official court file could not have, and did not, cause injury until the allegedly altered document was before the state court judge for consideration. There was therefore no injury independent of the state court proceeding, and the injury could not have occurred "separate from" the proceedings under the facts of this case. Moreover, Wicklund in his Complaint alleged that "[t]he removal of the filings <u>guaranteed denial</u> of the Plaintiff's motion" for reconsideration of the order extending probation. (emphasis added). Wicklund is arguing that his motion for early release would have been granted, and his probation shortened, had his file not been tampered with. *Heck* bars such a claim.

Therefore, Wicklund is first required to show that his state criminal conviction was reversed or vacated. He has not done so. Accordingly, Wicklund's civil rights action is presently barred by *Heck* and is subject to dismissal without prejudice.

### iv.    No Constitutional Right Was Violated

Having determined Wicklund's constitutional claims are barred by *Monell*, *Heck*, and *Mullis*, coupled with the ability to decline the exercise of supplemental jurisdiction over the

**MEMORANDUM DECISION AND ORDER - 22**

remaining state law claim for negligence, *see* 28 U.S.C. § 1367, the Court need not proceed further. But the Court will nevertheless consider the additional arguments raised by Ada County in its Motion to Dismiss.[6] Ada County argued that, assuming the allegations in the Complaint are true and Wicklund's claims are not barred, no constitutional violation occurred. Wicklund contends that the state district court, without the benefit of the two affidavits allegedly filed in support of a motion for early release from probation, "guaranteed" denial of his motion. Wicklund's claims relate to the due process he allegedly was denied upon consideration of his request to alter his sentence.

When fashioning an appropriate sentence, a judge may consider a broad range of information. *State v. Morgan*, 712 P.2d 741, 743 (Idaho Ct. App. 1985). A defendant's right to due process is abridged when the sentencing judge relies upon information that is materially untrue or when the judge makes materially false assumptions of fact. *Morgan*, 712 P.2d at 743. To minimize that risk, the Idaho Supreme Court has established the following fundamental safeguards: "(1) The defendant must be afforded a 'full opportunity' to present favorable evidence. (2) He must be given a 'reasonable opportunity' to examine all materials contained in the presentence report. [and] (3) He must be afforded a 'full opportunity' to explain and rebut adverse evidence." *Morgan*, 712 P.2d at 744 (citing *State v. Moore*, 93 Idaho 14, 17, 454 P.2d 51, 54 (1969)).

---

[6] Wicklund also filed a motion to amend his Complaint to assert that an "official policy" permits prosecutors to access and remove items from official court files. (Docket No. 14-2.) Although Wicklund inexplicably withdrew his motion to amend his complaint, (Docket No. 28), the substantive issues raised by virtue of the potential argument that some "official policy" exists does not change the underlying fact that Wicklund claims the state court file was tampered with, thereby causing him a constitutional injury. With an eye toward judicial economy, the substantive issues require consideration in the context of this case, because they may be raised again simply by alleging an official policy exists that permits tampering with court files.

**MEMORANDUM DECISION AND ORDER - 23**

According to the official Ada County records attached to the Nelson Affidavit, Wicklund appeared for a hearing concerning alleged probation violations on August 6, 2008. The state court found Wicklund violated the terms of his probation.  The state court ordered probation to continue until November 13, 2011, with additional conditions, such as suspension of internet access until Wicklund's probation officer was convinced such use was necessary for work purposes and that Wicklund would only use the internet for work purposes.  (Aff. of Nelson Ex. B, Docket No. 9-2.)  Wicklund waived preparation of an updated presentence investigation report at that time. (*Id.*)  On April 28, 2009, Wicklund acknowledged the order and accepted its terms by signing it.  On June 10, 2009, Wicklund's attorneys submitted a motion to request early release from probation, contending the court's decision was a mistake because Wicklund had permission to use the internet for business purposes. When it appeared to his attorneys that certain attachments had not been considered by the court because they were not attached to the motion, on July 17, 2009, eight days after the state court denied Wicklund's motion, Wicklund's counsel filed a motion to reconsider with the omitted statements attached.

Based upon the above facts, none of which are refuted by Wicklund, it is inconceivable that the alleged "mishandling" of Wicklund's file, whether an official policy existed or not, resulted in denial of his due process rights as a matter of law.  In August of 2008, Wicklund was given an opportunity for a hearing concerning alleged probation violations involving use of the internet.  According to the unsworn statements contained in the state district court file,[7] Mr. Dave Ferguson allegedly knew Wicklund since February 13, 2006, and Mr. Chip Morgan

---

[7] Neither statement submitted to the state district court was sworn or attested to by the authors. For the purposes of the instant motion, the Court will assume the contents are true, as Judge Neville did in the state court proceedings.

**MEMORANDUM DECISION AND ORDER - 24**

allegedly was involved with a polygraph test performed on Mr. Wicklund in January of 2008. Both individuals were aware, according to the statements made in their letters, of the alleged probation violation.  Wicklund has not explained why Mr. Ferguson or Mr. Morgan was not available to present evidence at the August 6, 2008 hearing. Wicklund then waived the opportunity for preparation of an updated presentence report, which might have revealed mitigating circumstances.  Nor has Wicklund explained how, given his attorneys filed a motion for reconsideration with the allegedly purloined documents for the court's consideration, any such "tampering" with the court file resulted in a denial of his due process rights.  Wicklund was given the opportunity for a hearing; he was provided access to the court; and he was able to present the statements of Mr. Ferguson and  Mr. Morgan to the state district court judge for consideration.

The Court has not been presented with any facts establishing Wicklund was given anything other than a full and fair opportunity to present favorable evidence, and a full and fair opportunity to explain and rebut adverse evidence, regarding his request for early release from probation. Nor has Wicklund explained how the "missing" documents affected those due process rights.  Based upon the facts as alleged, Wicklund has not alleged a violation of due process rights protected by the Constitution.

**MEMORANDUM DECISION AND ORDER - 25**

### v.        No Causation

Even if Wicklund could overcome all of the above bars to his case, the acts of individuals employed by Ada County in removing information from an official court file prior to consideration by the judge have no causal connection as a matter of law to the denial of Wicklund's motion to reconsider the revocation of his probation.

An essential element of a § 1983 case is that the plaintiff show the defendants' actions caused the deprivation of a constitutional right.  42 U.S.C. § 1983; *Arnold v. IBM Corp*., 637 F.2d 1350, 1355 (9th Cir. 1981).  "The causation requirement of § 1983 . . . is not satisfied by a showing of mere causation in fact[;] [r]ather, the plaintiff must establish proximate or legal causation." *Arnold*, 637 F.2d at 1355.  The Ninth Circuit has explained: "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivations of which [plaintiff] complains."  *Id*. (internal citation omitted); *see also Stevenson v. Koskey*, 877 F.2d 11435, 1439 (9th Cir. 1989) (setting forth the three alternative elements of causation required under *Johnson v. Duffy*, 588 F.2d 740, 743–44 (9th Cir. 1978)).

The requisite causal connection between an act and the resultant injury can only be established by "setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury." *Arnold*, 637 F.2d at 1355. The foreseeability of the constitutional deprivation is a requisite element. But "[n]ot every injury in which a state official has played some part is actionable" under § 1983.  *Martinez v. State of California*, 444 U.S. 277, 285 (1980).

MEMORANDUM DECISION AND ORDER - 26

When the injury complained of is imprisonment by court order,

> the order of the court, right or wrong, is ordinarily the proximate
> cause of the injury.  Various preliminary steps occur before the
> order is made. . . . In the ordinary case, the order is made after a
> hearing in court or after consideration by the court of the
> supporting documents and evidence.  Therefore, the various
> preliminary steps would not cause damage unless they could be
> said to be the proximate cause of the injury.  In the usual case, the
> order of the court would be the proximate cause and the various
> preliminary steps would be remote causes of any injury from
> imprisonment or restraint under the court order.

> We are not saying that there could not be situations where a judge
> was so deceived and hoodwinked by proceedings brought before
> him that certain of these preliminary acts might not raise
> themselves to the status of a proximate cause of an injury,
> notwithstanding the intervening order of the court.  There might be
> situations where the action of the court became in substance,
> merely a conduit for the wrongful action which preceded.

*Hoffman v. Halden*, 268 F.2d 280, 296 (9th Cir. 1959), *overruled in part on other grounds*,

*Cohen v. Norris*, 300 F.2d 24, 30 (9th Cir. 1962).[8]  While it can be said that without the

preliminary steps no court order could be issued, the court must examine the preliminary steps to

see if they rise to the level of proximate cause.  *Arnold*, 637 F.2d at 1355.  In *Hoffman*, the

preliminary steps of the officers involved in the criminal commitment of the plaintiff allegedly

were taken in violation of both court orders and state law, and were themselves violations of due

process, such that the court held that the acts could have caused the plaintiff injury through his

resulting imprisonment.  *Hoffman*, 268 F.2d at 298.

In this case, however, the alleged acts of individuals within Ada County's employ who

---

[8]  *Cohen* overruled *Hoffman* by holding that a civil rights claim did not have to contain as an
element that the state actors committed the acts in question with the purpose of depriving an individual of
his or her civil rights.  *Hoffman* has, however, been cited by the Ninth Circuit Court of Appeals for its
discussion of proximate causation.  *See, e.g.*, *Arnold*, 637 F.2d at1355.

MEMORANDUM DECISION AND ORDER - 27

removed documents from Wicklund's court file, even if true, have no causal connection as a matter of law to Judge Neville's discretionary decisions. Wicklund's term of probation was extended on August 6, 2008, based in part upon a finding that Wicklund had violated the terms of his probation by accessing the internet.  Wicklund filed his motion requesting early release from probation on the grounds that he had permission to utilize the internet.  Although not having the benefit of any statement from Chip Morgan or Dave Ferguson allegedly supporting Wicklund's assertion that he had internet privileges, Judge Neville explained that the basis for the motion asked the court to "'re-hash' old issues."  Judge Neville explained also that, even if Wicklund had permission to utilize the internet as he alleged, such an argument was "unpersuasive grounds even <u>if</u> it were true." Upon reviewing the statements by Chip Morgan and Dave Ferguson, Judge Neville <u>again</u> denied Wicklund's motion.

Based upon the evidence in the record, and the absence of any evidence to the contrary, Wicklund has not established any facts showing that Ada County or its employees, even if they had removed documents from the court file, directed the outcome of the court's discretionary decision to deny Wicklund's motion requesting early release from probation. Absent such facts, the alleged acts of unnamed persons in Ada County's employ do not rise to the level of proximate cause as a matter of law, nor do they constitute a constitutional violation independent of the sentencing judge's decision.

### vi.    No Cause of Action for Negligence

Lastly, Ada County argues that negligence is not a basis for asserting a cause of action for deprivation of due process, and that Wicklund has failed to come forward with facts refuting Ms. Nelson's affidavit establishing that Wicklund's own attorneys submitted the wrong

**MEMORANDUM DECISION AND ORDER - 28**

documents. (Reply at 13–15, Docket No. 18.) Wicklund asserts that Defendants breached a duty owed to him by removing items from the court file when they knew or should have known that doing so would deprive him of his due process rights. (Compl.¶ 21, Docket No. 1.) Although stated as a separate cause of action brought under state law, Wicklund's Complaint essentially alleges that Ada County's and/or its employees' negligent acts deprived him of his liberty without due process of law. The insurmountable hurdle, however, is negligence is not actionable under § 1983. *Daniels v. Williams*, 474 U.S. 327 (1986). The Supreme Court of the United States has held that the "Due Process Clause is simply not implicated by a *negligent* act of an official causing unintended loss of or injury to life, liberty, or property." *Daniels*, 474 U.S. at 328. Rather, Wicklund must present facts alleging deliberate indifference or recklessness. *See Redman v. County of San Diego*, 942 F.2d 1435, 1445 n.13 (9th Cir. 1991). He did not.

Even if Wicklund could maintain a separate state law cause of action for negligence, *see Munger v. City of Glasgow Police Dept.*, 227 F.3d 1082, 1088 (9th cir. 2000),[9] and this Court retained jurisdiction,[10] Wicklund has not come forward with any evidence showing that a material issue of fact exists for trial. First, beyond his conclusory statement that a duty of care was owed, Wicklund has not established that Ada County or its employees specifically owed him

---

[9] In *Munger*, the Ninth Circuit Court of Appeals held that the state court properly retained jurisdiction over the plaintiff's state law negligence claims despite dismissing his constitutional claims brought under 28 U.S.C. § 1983. *Munger*, 227 F.3d at 1088. In that case, police had intervened in a bar fight, questioned an individual who was obviously intoxicated, and let him wander off in below freezing temperatures. The individual died from hypothermia. The court found that a police offer had a duty to protect a particular individual once the officer took affirmative steps that increased the risk of danger to the individual, and therefore determined that the plaintiff had stated a cause of action for negligence. *Munger*, 227 F.3d at 1089. Although it cites *Munger*, the Court does not suggest that Wicklund has stated a cause of action for negligence separate from his §1983 claim. It is discussed solely for completeness.

[10] The Court may decline to exercise supplemental jurisdiction over any related state law claims. *See* 28 U.S.C. § 1367.

**MEMORANDUM DECISION AND ORDER - 29**

a duty of due care under Idaho state law under the facts as alleged.  No case law was brought to the Court's attention establishing such a duty, nor could the Court locate anything to suggest a duty was owed to Wicklund simply because he filed documents with the Ada County Court Clerk's Office.

Second, Wicklund failed to come forward with evidence to refute Ada County's evidence that it was not court employees, but Wicklund's own attorneys, who mistakenly submitted the wrong attachments in support of Wicklund's motion for early release from probation. Such evidence was in Wicklund's or his agents' exclusive control. Yet Wicklund produced no affidavit from the attorney representing him at the time of his criminal matter, nor any conformed copies of documents submitted to refute Ms. Nelson's testimony about the documents Ada County received.

Therefore, Wicklund's claim for negligence will be dismissed.

## III.    Conclusion[11]

"Bad [] advocacy takes preparation and practice; like doggerel poetry, it also requires some imagination." J. Alex Kozinski, *The Wrong Stuff*, 1992 BYU L. Rev. 325 (1992). While certainly imaginative, Wicklund has failed to establish a cause of action or any issues, let alone genuine issues, of material fact concerning the purported "missing" documents in the state district court's file.  Ada County is therefore entitled to judgment as a matter of law.

---

[11]   Ada County asserted several other arguments in support of its motion to dismiss.  Because the Court determined that the Complaint can be dismissed on the aforementioned grounds, any additional determination that other legal grounds bar Wicklund's action would be redundant.

**MEMORANDUM DECISION AND ORDER - 30**

## **ORDER**

Based on the foregoing, the Court being otherwise fully advised in the premises, **IT IS**

**HEREBY ORDERED that:**

1) Plaintiff's Motion to Expedite Discovery (Docket No. 13) is **DENIED**;

2) Plaintiff's Motion for Relief Pursuant to Rule 56(f) (Docket No. 16) is **DENIED**;

3) Defendant's Motion for Protective Order (Docket No. 22) is **GRANTED**;

4) Plaintiff's Motion to Strike the Affidavit of Rene Nelson (Docket No. 12) is

**DENIED**; and

5) Defendant Ada County's Motion to Dismiss (Docket No. 9) is **GRANTED**.



DATED: June 11, 2010

Honorable Candy W. Dale
Chief United States Magistrate Judge

**MEMORANDUM DECISION AND ORDER - 31**